28637. AZAR v. BAIRD.

SUBMITTED FEBRUARY 1, 1974 — DECIDED APRIL 16, 1974.

*James B. Drew, Jr., Don M. Jones, Drew & Jones,* for appellant.

*Alex McLennan, Tom Pye,* for appellee.

GRICE, Chief Justice.

This is a controversy over the title to certain bonds, an investment certificate and a savings account.

Mrs. Helen L. Baird brought suit in the Superior Court of Fulton County against Judith Ann Baird Azar.

Mrs. Baird, the plaintiff-appellee, sought declaratory relief and to enjoin the defendant-appellant from making further demands upon certain institutions with reference to these securities and to declare title to them to be in her alone.

The trial court granted an interlocutory injunction for the relief sought.

Thereafter the defendant-appellant gave notice of appeal and the plaintiff-appellee moved to dismiss it. By order filed October 26, 1973, the trial court granted that motion reciting essentially that "there has been an unreasonable delay in the transmission of the record to the Supreme Court and such delay was inexcusable and was caused by the failure of the defendant to pay costs in the trial court or file a legally sufficient pauper's affidavit.

"It is therefore considered, ordered and adjudged that the appeal of the defendant from the Order of the Court granting Interlocutory Injunction dated June 26, 1973 and entered June 28, 1973 be and is hereby dismissed."

A subsequent notice of appeal to this court recites in material part that the defendant-appellant "hereby appeals . . . from the motion to dismiss the appeal of defendant dated the 23rd day of October, 1973 denying defendant's motion to dismiss the motion filed by plaintiff . . ."

The plaintiff-appellee filed a motion to dismiss this appeal of the defendant-appellant, alleging essentially as

follows: "1. The Appeal to this Honorable Court is an appeal 'from the motion to dismiss the appeal of defendant . . .' Appeals may only be taken from judgments or orders under the law. This appeal is from neither a judgment nor an order and is therefore not allowable.

"2. If the appeal be construed to be an appeal from the order and judgment [filed October 26, 1973] dismissing Defendant's Appeal, said order and judgment is not final judgment nor is it a judgment in that class of cases from which interlocutory appeals may be taken. Neither is there a certificate from the Trial Judge allowing an interlocutory appeal as provided by law."

The plaintiff-appellee's motion to dismiss this appeal is denied.

We construe it to be an appeal from the order filed October 26, 1973, dismissing the defendant-appellant's prior appeal from the grant of the interlocutory injunction. Since Code Ann. § 6-701 (a, 3) (Ga. L. 1968, pp. 1072, 1073) allows a direct appeal to be taken from an order granting interlocutory injunction, we conclude that the dismissal of such an appeal by the trial court is likewise appealable without a certificate of review.

Therefore, the controlling issue in this appeal is whether the trial court erroneously dismissed the prior appeal.

Code Ann. § 24-2729 (Ga. L. 1963, p. 368) requires that all costs of preparing the record "shall be paid by the appellant" before the appeal can be transmitted to the appellate court "unless the appellant makes affidavit that he is unable to pay such costs or give security therefor."

Here the trial court concluded that the expiration of time from July 24, 1973, when the notice of appeal was filed, until October, 26, 1973, when the order dismissing the appeal was entered, constituted an unreasonable delay since there was no transcript of evidence to be prepared and the delay was caused solely by the appellant's failure to pay costs or file a proper pauper's affidavit.

We find no abuse of discretion in the dismissal of the appeal pursuant to Code Ann. § 6-809 (b) (Ga. L. 1965, pp.

18, 29; 1972, p. 624).
*Judgment affirmed. All the Justices concur.*