## 31080. YOUNG v. CLIMATROL SOUTHEAST DISTRIBUTING CORPORATION.

HALL, Justice.

The Court of Appeals has certified the following question to this court: "Where a notice of appeal was filed on June 26, 1975, and the trial clerk informed appellant on Thursday, July 3, 1975, that the record was ready, but did not inform appellant's attorney, and a pauper's affidavit was filed on Friday, July 18, 1975, two days after the 20 days allowed by law for the clerk to transmit the record to this Court and 22 days after the filing of the notice of appeal, and the transmittal was delayed by the clerk until Monday, July 21, 1975, and on that day and prior to transmittal of the record, a motion was made in the trial court to dismiss the appeal, was the delay even though inexcusable, so unreasonable as to authorize the trial judge to dismiss the appeal under Section 13 (b) of the Appellate Practice Act as amended by Section 2 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1074; Code Ann. § 6-809 (b))? See in this connection, *Continental Investment Corp. v. Cherry,* 124 Ga. App. 863, 864 (1) (186 SE2d 301) (1971) and dissent, and Supreme Court cases cited therein; *Buffalo Holding Co., Inc. v. Shores,* 124 Ga. App. 868, 869 (3) (186 SE2d 339) (1971) and dissent; *Elliot v. Walton,* 136 Ga. App. 211 (220 SE2d 696) (1975); *Haynes v. City of Lake City,* 136 Ga. App. 112 (220 SE2d 33) (1975)."

In this case there was no trial or transcript of trial proceedings. The trial court granted a summary judgment. A notice of appeal was timely filed on June 26, 1975.

The Appellate Practice Act provides: "Where no transcript of evidence and proceedings is to be sent up, the clerk shall prepare and transmit the record within twenty days after the date of filing of the notice of appeal." Code Ann. § 6-808 (a).

The Appellate Practice Act also provides "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for: (1) failure to file notice of appeal within the time required as provided in this law or within any extension of time granted hereunder; (2) where the decision or judgment is not then appealable; or (3) where the questions presented have become moot. No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court, but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party; and in like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. . ." Code Ann. § 6-809 (b).[1]

---

[1]Rule 11(c) of this court provides: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmittal of the record to this court unless objection thereto was made and ruled upon in the trial court prior to transmittal; and such order is appealed as provided by law."

Under the Appellate Practice Act, the dismissal of an appeal is not mandatory except for the three specific instances contained in the above section. All three relate to dismissals by the appellate courts. The provision authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.* In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. See *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). In this case the costs were not paid nor a pauper's affidavit filed with the clerk until twenty-two days following the filing of the notice of appeal. The trial court made a finding that the delay in filing the record was inexcusable and was caused by failure to pay costs or file a pauper's affidavit. No finding was made that the two-day delay was unreasonable, and we therefore hold that it was error to dismiss the appeal.

In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts.

We therefore answer the certified question in the negative and direct the Court of Appeals to reverse the dismissal of the appeal.

*Certified question answered in the negative. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Gunter, J., who dissent.*

ARGUED MAY 11, 1976 — DECIDED JUNE 8, 1976.

*Carlisle & Carlisle, Ralph E. Carlisle,* for appellant.
*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, H. William Cohen, Kenneth Gross,* for appellee.