## 52367. PICKETT v. PAINE.

McMURRAY, Judge.

On November 24, 1975, summary judgment in favor of the plaintiff was granted in this suit on a promissory note. Defendant filed notice of appeal on December 5, 1975. On December 17, 1975, defendant was notified by the clerk's office of the costs of preparing the record for appeal.

Plaintiff filed a motion to require supersedeas bond on December 18, 1975. This motion was granted on that date.

The clerk's office was closed during the period of December 25, 1975, through December 28, 1975, but was open on December 29, 1975. The cost had not been paid by that date.

On December 30th plaintiff filed a motion to dismiss the appeal for nonpayment of the costs, and defendant paid the costs on that date.

Plaintiff's motion to dismiss the appeal was granted. Defendant appeals from the order dismissing the appeal and from the order requiring supersedeas bond. *Held:*

1. All costs shall be paid in the court below or the appellant shall make affidavit that he is unable to pay such costs before the clerk transmits the record to the appellate court. See Code Ann. § 24-2729 (Ga. L. 1963, p. 368); Code Ann. § 2-3705 (Const. of 1945); *Leak v. McDowell,* 6 Ga. 264; *Duke v. Trippe,* 6 Ga. 317; *Farrar v. Oglesby,* 84 Ga. 188 (11 SE 133); *Rutherford v. Tidwell,* 103 Ga. App. 557 (120 SE2d 38); *Spivey v. Nalley,* 212 Ga. 810 (96 SE2d 260); *George v. American Credit Control,* 222 Ga. 512 (150 SE2d 683); *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *Pippins v. Securities Inv. Co.,* 223 Ga. 812 (158 SE2d 675).

2. Appellant argues that the motion to require supersedeas bond was improperly granted, that if he had paid costs thereby providing for transmittal of record to this court, the docketing of the case in this court would have been detrimental to him in that it would have terminated the authority of the judge in the lower court to enter any orders in this case. Appellant contends that under such circumstances, the order of the trial judge

requiring appellant to post a supersedeas bond would then stand without appellant having an opportunity to be heard pursuant to Code Ann. § 6-1002 and would deprive him of due process of law. He does not argue the enumeration of error involving the granting of the supersedeas bond, but contends it somehow caused the delay in the payment of the costs, and by this argument he seeks to avoid the sanction of Code Ann. § 6-809 (b) (Appellate Procedure Act of 1965, as amended, Ga. L. 1968, pp. 1072, 1074). See Rule 11 (c) (Code Ann. §§ 24-4511; 24-3611); *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, 630 (208 SE2d 449).

Here there was no transcript of evidence and proceedings to be sent up, so the 20 day limit of Code Ann. § 6-808 (Appellate Procedure Act of 1965, as amended by Ga. L. 1966, pp. 493, 497; 1968, pp. 1072, 1076) was applicable. Yet the appellant chose to delay payment of costs until after he received a copy of appellee's motion to dismiss on December 29, 1975, and did not pay the court cost until December 30, 1975, which was one day later than the 20 day limit. The Supreme Court of Georgia and this court have repeatedly held that the failure to timely pay the costs of preparing the record on appeal requires the dismissal of the appeal. *George v. American Credit Control,* supra; *Azar v. Baird,* 232 Ga. 81 (205 SE2d 273); *Haynes v. City of Lake City,* 136 Ga. App. 112 (220 SE2d 33).

Although the appellant may have felt compelled to contest the propriety of the order to require a supersedeas bond and apparently desired to wage this contest before the trial judge, he still must comply with the law. No excuse for the delay was offered at the hearing before the trial judge except the record of the proceedings. This was insufficient to toll the payment of the costs. The lower court found the delay was both unreasonable and inexcusable within the parameters of the recent Supreme Court case of *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53 (226 SE2d 737). The lower court did not abuse its discretion, if the dismissal for delay is not mandatory, and the lower court had a legal discretion. That discretion was here exercised, and no abuse has been shown. See *Taylor v. Whitmire,* 234 Ga. 449, 450 (216

SE2d 310); compare *Blanton v. Marchbanks,* 139 Ga. App. 158 (1).

*Judgment affirmed. Marshall, and Smith, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED SEPTEMBER 9, 1976.

*William D. Smith,* for appellant.
*Powell, Goldstein, Frazer & Murphy, James M. Griffin, Jerry Blackstock,* for appellee.