## 58516. ITT INDUSTRIAL CREDIT COMPANY v. BURNHAM.

Shulman, Judge.

Defendant's motion to dismiss plaintiff's appeal was granted on the grounds that a trial transcript had not been filed within the 20-day limit of Code Ann. § 6-808. We affirm.

1. It is undisputed that because plaintiff failed to timely pay court costs, his trial transcript was filed three days late. When a transcript is not timely filed, it is within the authority of the trial court to dismiss an appeal for

delay (Code Ann. § 6-809 (b)) if the court finds that such delay was both unreasonable and inexcusable. *ITT Indus. Credit Co. v. Carpet Factory, Inc.*, 140 Ga. App. 204 (230 SE2d 354).

A. In the case at bar the trial court determined as a matter of fact that the reasons for delay proffered by counsel did not excuse his late payment of court costs. " 'Since . . . the cause for delay in the processing of the appeal is a fact issue for determination in the trial court' [Cit.]" (*Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447)), we refuse to disturb the court's finding that appellant's delay was inexcusable.

B. Nor will we upset the court's determination that the delay was unreasonable. Again, this finding is within the discretion of the trial court. *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53, 55 (226 SE2d 737). See also *Pickett v. Paine*, 139 Ga. App. 508 (229 SE2d 90), holding that a one-day delay was unreasonable.

Appellant urges that since a two-day delay in *Young* was held to be reasonable, as a matter of law, that a three-day delay should similarly be considered reasonable.

Contrary to appellant's contentions, *Young* does not stand for the proposition that a two-day delay is not unreasonable as a matter of law. Rather, the holding in *Young* (reversing the trial court's dismissal of an appeal) was based on the Supreme Court's determination that the trial court had failed to exercise its discretion to determine whether or not the delay had been reasonable. Since before the trial court is authorized to dismiss an appeal under Code Ann. § 6-809 (b) the court must first determine that the delay was both unreasonable and inexcusable, the Supreme Court reversed the trial court for its failure to make the requisite findings of fact.

Unlike the trial court in *Young*, the court, in the case before us, exercised its discretion in determining that plaintiff's delay in paying costs was both inexcusable and unreasonable. This being so, we refuse to disturb the court's finding on appeal.

2. Appellant urges that the court's determination that there was no evidence to show that appellant was a nonresident corporation was erroneous and mandates

reversal. Apparently, it is appellant's contention that appellant's residency influenced the court's finding that late payment was inexcusable. We find no merit in this contention.

Although there is evidence that appellant had out-of-state corporate offices, there is no evidence in the record to support appellant's contention that appellant was not a resident of Georgia.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Argued September 6, 1979 — Decided November 16, 1979 — Rehearing denied December 3, 1979 —

*Lewis N. Jones*, for appellant.
*John L. Watson, Jr.*, for appellee.