168 Ga. App. 845 (1983)
310 S.E.2d 573
IN RE G. W. H. (two cases).
66110, 67115.
Court of Appeals of Georgia.
Decided November 14, 1983.
James A. Mackay, David L. G. King, Jr., for appellant.
Charles H. Andrew, Jr., for appellee.
BIRDSONG, Judge.
Dismissal of Appeal. This case appears before this court as two separate appeals. The first (66110) is an appeal by the natural father to the merits of the grant of adoption to the petitioners, the natural mother and her present husband. The second appeal (67115) also is by the natural father and seeks to overturn the dismissal of the first appeal (66110) by the trial court for failure to file a transcript of evidence or a record in support of a notice of appeal within 30 days.
There appears to be no dispute the final order of adoption was filed in the trial court on August 10, 1982. Appellant filed his notice of appeal (66110) to this court on August 22, 1982. OCGA §§ 5-6-41 and 5-6-42 (Code Ann. §§ 6-805, 6-806) require appellant to file the record and/or transcript within 30 days after the filing of the notice of appeal or cause the time to be extended by the trial court (OCGA § 5-6-39 (Code Ann. § 6-804)) by application before the expiration of the original 30 days. In this case, it is undisputed that no application was filed within 30 days of the notice of appeal and the requisite supporting papers were not transmitted to this court by the clerk of the trial court until the expiration of at least 130 days, or more precisely 4 months and 16 days. The case was officially docketed in this court on January 28, 1983.
The appellees (adopting parents) filed their notice to dismiss the appeal in the trial court on January 27, 1983, prior to the date of docketing of the original appeal in this case on January 28, 1983. A hearing was conducted by the trial court on the motion to dismiss the appeal on March 10, 1983. At that hearing, it was candidly conceded by appellant's counsel that no application for an extension was filed within the first 30 days of the appeal or at any time thereafter. The only excuse offered was a "breakdown" in communications between the appellant's counsel and the clerk of court and the omission was the result of oversight and, in substance, without excuse. It was established that the only defect was the failure to file the application, for payment of costs was fully and promptly accomplished.
The trial court after having considered the evidence, briefs, and arguments of counsel correctly concluded it had jurisdiction to hear and decide the motion to dismiss in view of the provisions of Rule 47 *846 (Code Ann. § 24-3647) of this court allowing objections relating to the filing of the transcript to be made in the trial court prior to the docketing thereof in the Court of Appeals. Upon considering all matters pertaining to the motion to dismiss the trial court concluded the "three [sic] and a half month delay" in the transmission was both unreasonable and inexcusable and was ultimately caused by appellant through his counsel. Accordingly, the trial court ordered the original appeal (66110) be dismissed.
Even assuming the appellant himself was not personally at fault for the delay (in that he timely paid for the filing of the transcript), the fact that the initial delay in the preparation of the transcript may not have been the fault of the appellant does not excuse the filing delay, in the absence of a proper request by the appellant for an extension of time (see OCGA § 5-6-42 (Code Ann. § 6-806)).
"The trial judge determined that there had been an unreasonable delay in filing the transcript and that said delay was inexcusable and caused by the appellant. [OCGA § 5-6-48 (c) (Code Ann. § 6-809).] See also Middleton v. Continental Dev. Corp., 153 Ga. App. 144 [264 SE2d 689].
"This being so, the trial court was authorized to dismiss defendant's appeal." Dampier v. First Bank &c. Co., 153 Ga. App. 756, 757 (266 SE2d 539).
In the light of the documented hearing conducted by the trial court to inquire into reasonableness and excusability, the tests demanded by Young v. Climatrol Southeast Dist. Corp., 237 Ga. 53, 55 (226 SE2d 737) and reinforced by White v. Olderman Realty &c. Co., 163 Ga. App. 57, 58 (293 SE2d 726) have been met fully. Therefore, the judgment of the trial court in Case No. 67115 is affirmed and the appeal in Case No. 66110 is dismissed.
Judgment affirmed in Case No. 67115. Appeal dismissed in Case No. 66110. Shulman, C. J., and McMurray, P. J., concur.