68701. BOWEN v. CLAYTON COUNTY HOSPITAL AUTHORITY et al.
(322 SE2d 528)

McMURRAY, Chief Judge.

This case involves the dismissal of an appeal by the trial court under the authority granted in OCGA § 5-6-48 (formerly Code Ann. § 6-809 as. amended) after notice and an opportunity for a hearing "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of the party to pay costs in the trial court." A summary judgment had been granted in the case sub judice in an order dated December 29, 1982, filed for record January 3, 1983, and the notice of appeal was thereafter filed on January 25, 1983. The defendants thereafter on August 2, 1983, filed a motion to dismiss the appeal, citing the appropriate statute (OCGA § 5-6-48) contending therein that the plaintiff (appellant) and been billed for

the cost by the clerk of the superior court after the preparation of the record for appeal on June 28, 1983, said notice as to cost having been received by plaintiff's counsel by certified mail, return receipt requested on June 29, 1983, and thereafter 23 days having elapsed (June 29, 1983 — August 2, 1983, a total of 34 days) the failure to pay the costs resulted in an unreasonable delay by such failure and therein the defendants sought the termination of the litigation by having the court dismiss the appeal. A show cause order was issued dated August 2, 1983. A copy of the show cause order was to be delivered to the clerk of the court and the clerk, or his duly authorized deputy, was ordered to withhold transmittal of the record on appeal. The order further required the clerk, or authorized deputy, to produce the record on appeal in the court at the hearing and be available to show the court the date said cost bill was prepared and whether or not at the time of the filing of this motion the cost for preparing the record on appeal had been paid by plaintiff. An extension of the above hearing was granted to another date containing the same subject matter, dated November 16, 1983, and filed for record November 17, 1983.

The motion to dismiss the appeal came on for hearing December 7, 1983, and on January 17, 1984, the appeal was dismissed, the trial court citing in its order the substance of the above with reference to the appeal and the further fact that on December 6, 1983, plaintiff finally paid the cost in the action but determined "that the delay in paying costs from August 2, 1983 through December 6, 1983 [126 days], is unreasonable and chargeable to the plaintiff"; also the "unreasonable delay is inexcusable," and has resulted in a delay of consideration of the case by the Court of Appeals. Plaintiff appeals. *Held*:

The contention of the defendants was that the record was prepared and ready for transmission on June 29, 1983, and that the plaintiff had failed to pay the costs as of August 2, 1983 (a period of 34 days). However, the trial court granted the motion based upon the fact that there was a delay in paying the cost from August 2, 1983, to December 6, 1983, a period of 126 days, the court finding that this period was unreasonable and chargeable to the plaintiff and the unreasonable delay was inexcusable. The plaintiff contends, however, that the clerk had been restrained ("an injunction") from transmitting the record on appeal, hence the trial court erred in dismissing the appeal for this reason as well as others including that the trial court failed to find the delay from June 29, 1983, until August 2, 1983, was unreasonable and inexcusable and occasioned by the plaintiff in delaying this matter. However, under the entire status of the case sub judice the record clearly shows an unreasonable and inexcusable delay. The restraining order did not prevent the payment of costs al-

ready 34 days late. As the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record and it is seen the delay is inexcusable and was caused by the failure of the party to pay the costs in the trial court (provided there is no indigency), under the status of this case the decision in *McDonald v. Garden Services, Inc.*, 163 Ga. App. 851, 852-853 (295 SE2d 551), citing *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53, 55 (226 SE2d 737), is controlling. The status of the case is as shown in the order by the trial court and nowhere has plaintiff shown that the delay was not unreasonable and that it was not inexcusable and not caused by the plaintiff (appellant). See also in this connection *Pickett v. Paine*, 139 Ga. App. 508, 509 (229 SE2d 90); *ITT Industrial Credit Co. v. Burnham*, 152 Ga. App. 641, 642 (263 SE2d 482).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1984.

*John L. Watson, Jr.*, for appellant.
*Michael V. Stephens II, David P. Winkle*, for appellees.