### 69416. BOULDIN v. PARKER et al.
(327 SE2d 760)

BENHAM, Judge.

Appellees, owners of a building in which appellant/attorney oper-

ates his law office, filed suit in the State Court of Clayton County against appellant as a tenant at sufferance and sought possession of and rent for the premises. Appellant filed an answer and a motion to dismiss, which was denied on November 30, 1982. The trial court ordered appellant to pay the rent due by 5:00 p.m., December 7, 1982, or a writ of possession would issue instanter. Appellant did not pay the rent as ordered and on December 8, 1982, filed a notice of appeal. Approximately two weeks later he filed a petition in bankruptcy, which was dismissed on February 29, 1984. On May 23, 1984, appellees filed a motion to dismiss appellant's 1982 notice of appeal for failure to pay costs, and after hearing argument from both parties, the trial court granted the motion. Appellant brings this appeal from that judgment. We affirm.

1. Appellant's penultimate enumeration is that the trial court erred in dismissing his notice of appeal for failure to pay costs. We disagree. The trial court is authorized to dismiss an appeal after notice and opportunity for hearing "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence . . . " OCGA § 5-6-48 (c). See also *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97 (1) (210 SE2d 46) (1974). The record indicates that appellant filed his notice of appeal on December 8, 1982; that on December 20, 1982, he received proper notice of the amount of costs due; that he had not filed an affidavit of indigence or paid the costs as of May 24, 1984, when appellees filed their motion to dismiss the appeal; nor had he done so as of June 15, 1984, when a hearing was held on the matter. Under these circumstances we find the dismissal was warranted, inasmuch as delays of over 30 days are prima facie unreasonable and inexcusable. *Continental Investment Corp. v. Cherry*, 124 Ga. App. 863 (1) (186 SE2d 301) (1971).

2. In light of the decision reached in Division 1 of this opinion, we need not reach the merits of appellant's remaining enumerations of error.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1985.

*Jay W. Bouldin*, pro se.
*Samuel H. Kirbo*, for appellees.