### 72521. DIAL v. TURNER et al.
(347 SE2d 305)

BANKE, Chief Judge.

On September 12, 1985, the trial court granted a summary judgment motion filed by the defendants/appellees based on plaintiff/appellant's failure to appear for oral argument on the motion or to file a responsive brief or affidavits. Appellant moved to set aside the judgment, contending that his counsel had been granted a leave of absence which was in effect at the time of the hearing. Although the request for leave was not in compliance with the Uniform Rules of Superior Courts, Rule 16, the trial court nonetheless, in an order dated October 25, 1985, set aside the judgment, allowing appellant 10 days to file a response and scheduling a second hearing for November 12, 1985. Counsel for appellant also failed to appear at this hearing, however; and the trial court consequently reinstated its order of September 12, 1985, granting summary judgment to the defendants.

The notice of appeal in this case was filed on October 10, 1985, between the time the appellant moved to set aside the original grant of summary judgment and the time that motion was granted. On October 30, 1985, the appellant was notified by the clerk's office of the costs of preparing the record for the appeal. On December 12, 1985, appellee filed a motion to dismiss the appeal for nonpayment of costs pursuant to OCGA § 5-6-48. This appeal is from the grant of that motion. *Held*:

1. It has repeatedly been held that failure to pay the costs of preparing the record on appeal in a timely fashion requires dismissal of the appeal. See, e.g., *Neese v. Long*, 178 Ga. App. 105 (341 SE2d 861) (1986); *Pickett v. Paine*, 139 Ga. App. 508, 509 (229 SE2d 90) (1976). See also OCGA § 5-6-48. No excuse for the delay was offered by appellant in this case, and the record contains a signed receipt for the certified letter advising appellant's counsel of the costs. Under the circumstances, we hold that the trial court was authorized to conclude that the delay caused by the failure to pay the costs was both inexcusable and unreasonable. See generally *Bowen v. Clayton County Hosp. Auth.*, 172 Ga. App. 204 (322 SE2d 528) (1984); *Malloy v. Aetna Cas. &c. Co.*, 143 Ga. App. 212 (237 SE2d 692) (1977); *Azar v.*

*Baird*, 232 Ga. 81 (205 SE2d 273) (1974). Furthermore, it appears that the appeal was moot in any event, in view of the fact that the judgment appealed from had been set aside by the trial court.

2. There appearing to have been no reasonable ground upon which to anticipate reversal of the trial court's decision, a penalty in the amount of $300 is hereby assessed against the appellant pursuant to Rule 26 (b) of this court for filing a frivolous appeal. The trial court is hereby directed to enter judgment in favor of the appellee in said amount.

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 8, 1986 — ▉▉▉▉▉▉▉

*Robert M. Ray, Jr.*, for appellant.
*Owen Page*, for appellees.