74623. SMITH et al. v. GEORGIA POWER COMPANY et al.
74624. CITY OF COLLEGE PARK et al. v. GEORGIA POWER
COMPANY et al.
(358 SE2d 879)

BIRDSONG, Chief Judge.

The City of College Park filed two actions simultaneously, for declaratory judgment that a "service contract" between Georgia Power Company and the Metropolitan Atlanta Rapid Transit Authority (MARTA) be declared void, and for judicial review of an Order of the Georgia Public Service Commission declaring Georgia Power Company had exclusive authority to serve MARTA facilities located in College Park. On October 23, 1985, the trial court issued judgment for the appellees in both actions. A notice of appeal was timely filed as to those orders on November 20, 1985, in which appellants directed the clerk to omit nothing from the record and that a "[t]ranscript of evidence and proceedings will be filed for inclusion in the record on appeal." Through inadvertence, counsel for appellants made no arrangements for preparation of a transcript. On April 9, 1986, this omission was discovered and counsel filed a Motion for Extension of Time to Prepare Transcript (April 11, 1986 in Case No. 74623). The trial court issued an order, April 11, 1986, granting an extension of time to file the transcript in both cases until July 15.

On April 23, 1986, appellees filed a Motion to Vacate Order and to Dismiss Appeal in each case, citing the statutory time for preparation of a transcript had expired and no extension of time had been requested before expiration of the statutory period. The trial court, on June 20, 1986 in Case No. 74624, and January 15, 1987 in Case No. 74623, filed its orders vacating its orders of April 11, 1986, which extended the time to file the transcripts, and dismissed the appeals on the basis that the statutory time for filing a motion for "an extension of time to file transcript . . . had expired. . . . Since such appeal has not been perfected within the time required by law . . . the trial court . . . lacked subject matter jurisdiction to enter such order since the judgment of the trial court had become final without a timely perfection of the appeal." Appellants bring these appeals from the trial court's orders of June 20, 1986 and January 15, 1987. *Held*:

The same issues are involved in both appeals. Appellant contends the trial court erred in (1) dismissing the City's appeal without first giving the City an opportunity for an oral hearing, and (2) failing to decide whether the delay in filing the transcript was unreasonable and inexcusable.

1. We note that appellee's Motion to Vacate Order and to Dismiss Appeal, filed April 23, 1986, did not contain a request for an oral hearing, nor was a rule nisi attached. The Uniform Rules for Superior Courts, effective July 1, 1985, provide that "[u]nless otherwise or-

dered by the court all motions in civil actions . . . shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. Oral argument on any motion shall be permitted upon written request." Rule 6.3. The record contains no written request for oral hearing. It was not error for the trial court to decide this motion upon the briefs in the absence of written request for oral argument, or a rule nisi. *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734 (1) (350 SE2d 265); *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (1) (347 SE2d 310).

2. The appellant contends it was error for the trial court to dismiss its appeal without deciding whether the delay in the filing of the transcript was unreasonable and inexcusable. We agree. Appellant timely filed its notice of appeal from the original judgment and stated that a transcript of the proceedings would be filed. It is incumbent upon an appellant to file a transcript within 30 days after the filing of a notice of appeal. OCGA § 5-6-42. If the transcript cannot be prepared within the statutory period, an extension of time must be requested "before expiration of the period for filing as originally prescribed or as extended. . . ." OCGA § 5-6-39 (d). At issue here is the effect of the failure of the appellant either to file the transcript within the statutory period or request an extension before expiration of that time.

The Supreme Court answered a certified question on a similar issue from the Court of Appeals in *Young v. Climatrol &c. Corp.*, 237 Ga. 53 (226 SE2d 737), and held that under the "Appellate Practice Act, the dismissal of an appeal is not mandatory except for three specific instances contained in [OCGA § 5-6-48 (b): (1) failure to file a notice of appeal within the time specified, (2) the decision or judgment is not then appealable, or (3) the question presented has become moot] . . . All three relate to dismissals by the appellate courts. The provision [of OCGA § 5-6-48 (c)] authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable*. In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts." Id. at 55.

Hence, it has been mandated that an appellate court will not dismiss an appeal except for the three statutory criteria, and "[t]he failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable." *DuBois v. DuBois*, 240 Ga. 314 (1) (240 SE2d 706); accord *Patterson v. Professional Resources*, 242 Ga. 459, 460 (249 SE2d 248). Any failure to file a transcript "is not jurisdictional, and it is not a ground for dismissal unless accompanied by the findings of unreasonableness and lack of excuse." *Young*

*v. Jones*, 147 Ga. App. 65, 67 (248 SE2d 49).

In the instant appeal, the trial court found the failure to file the transcript within the statutory period or to timely request an extension of time was jurisdictional and did not exercise its legal discretion. "Where the trial judge has a legal discretion to exercise yet fails to exercise that discretion, resting his decision instead solely upon a point of law, a reversal will result." *Strother v. C & S Nat. Bank*, 147 Ga. App. 140, 141 (248 SE2d 204). We therefore remand this appeal to the trial judge for determination of whether the delay in filing of the transcript was unreasonable, and if so, whether the unreasonable delay was inexcusable.

*Judgments reversed and cases remanded. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 15, 1987.

*George E. Glaze, Steven M. Fincher*, for appellants.
*Robert H. Forry, Robert P. Edwards, Jr., Arthur H. Domby*, for appellees.