## 46201, 46202. HATFIELD v. GREAT AMERICAN MANAGEMENT & INVESTMENT, INC. et al.; and vice versa.
### (373 SE2d 367)

PER CURIAM.

Any basis for this Court's jurisdiction of these appeals could only come about if the injunctive relief sought at the trial court level becomes an issue on appeal. However, the issue in this appeal in no way deals with injunctions or equity.

The issue on appeal in case number 46202 is whether the trial court erred in dismissing Hatfield's original notice of appeal. The issue on appeal in case number 46201 is whether the trial court erred in refusing to dismiss Hatfield's second notice of appeal which sought to appeal the dismissal of the original notice of appeal.

Only if the court's dismissal of the notice of appeal in case number 46202 is overturned or its refusal to dismiss the notice of appeal in case number 46201 is upheld could any questions dealing with injunctive relief be brought to an appellate court.

It is not what is in the complaint before the trial court that determines this Court's jurisdiction, but the *issues on appeal.*

Consequently, these cases are transferred to the Court of Appeals because there are no issues in either appeal that vest jurisdiction in this Court.

*Case transferred. All the Justices concur, except Bell J., who dissents.*

DECIDED NOVEMBER 8, 1988.

*Sumner & Hewes, William E. Sumner, David A. Webster,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Jesse H. Austin III, Jeffrey D. Paquin,* for appellees.

*Margaret L. Dudney, Debra Schwartz,* amici curiae.