77484, 77485. HATFIELD v. GREAT AMERICAN
MANAGEMENT & INVESTMENT, INC. et al.; and vice versa.
(379 SE2d 544)

McMURRAY, Presiding Judge.

Plaintiff Hatfield filed this action against eight defendants. The six counts of plaintiff's complaint set forth claims for affirmative injunctive relief, wrongful termination of an employment relationship, breach of contract, tortious interference with an employment relationship, and rescission and restitution.

The superior court entered a succession of orders granting various defendants' motions to dismiss or for summary judgment relating to one or more but fewer than all of the claims or parties to the action. Finally, on June 25, 1986, the superior court entered a final order granting a summary judgment in favor of defendants as to all remaining issues. On July 3, 1986, plaintiff filed his notice of appeal. On April 17, 1987, defendants filed their motion pursuant to OCGA § 5-6-48 (c) to dismiss plaintiff's appeal, arguing that there had been an unreasonable and inexcusable delay in the transmission of the record to this court due to plaintiff's failure to timely pay the cost of preparing the appellate record. On July 20, 1987, the superior court granted defendants' motion to dismiss plaintiff's appeal initiated by the July 3, 1986, notice of appeal. The appeal in Case No. 77484 is taken by plaintiff from the superior court's order of July 20, 1987, dismissing his earlier appeal, filed July 3, 1986.

On April 26, 1988, defendants filed, in the superior court, their motion to dismiss plaintiff's appeal now identified as Case No. 77484. Defendants' motion to dismiss plaintiff's appeal in Case No. 77484 was denied on June 3, 1988. Case No. 77485 is defendants' appeal from the denial of their motion to dismiss Case No. 77484. *Held*:

1. While plaintiff's complaint seeks affirmative injunctive relief in addition to other remedies, jurisdiction is properly in this court since the issues on appeal do not involve injunctions or equity. The Supreme Court of Georgia has recently held "[i]t is not what is in the complaint before the trial court that determines [the Supreme]

Court's jurisdiction, but the *issues on appeal.*" *Hatfield v. Great American Management &c.,* 258 Ga. 640 (373 SE2d 367).

2. " 'The provision (of OCGA § 5-6-48 (c)) authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.* In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts.' [*Young v. Climatrol Southeast Distrib. Corp.,* 237 Ga. 53, 55 (226 SE2d 737)]." *Smith v. Ga. Power Co.,* 183 Ga. App. 295, 296 (358 SE2d 879). In the order which is the subject of the appeal in Case No. 77484, the superior court found that plaintiff's failure to pay timely the cost for preparing the record has caused an unreasonable delay in the transmission of the record to this court and that this delay is inexcusable.

In Case No. 77484, plaintiff contends his late payment of costs on appeal was not so "unreasonable" as to justify dismissal of his appeal by the superior court. Plaintiff does not challenge the superior court's finding that the delay was inexcusable.

Following the filing of plaintiff's notice of appeal on July 3, 1986, the record for appeal was completed in early December 1986. A notice for payment of costs was received by plaintiff's counsel on December 3, 1986. Costs were not paid pursuant to the first notice and a second notice was received by plaintiff's counsel on February 9, 1987. The plaintiff failed to pay the costs of preparing the record for appeal pursuant to the second notice. Plaintiff finally paid the cost of preparing the appellate record on July 8, 1987, the eve of the hearing of defendant's motion to dismiss the appeal. In his brief before this court, plaintiff concedes that the late payment delayed the docketing in this court.

A delay of over 30 days is prima facie unreasonable and inexcusable. *Bouldin v. Parker,* 173 Ga. App. 526, 527 (1) (327 SE2d 760). The only reason proffered by plaintiff for his late payment of the costs was his inability to raise the funds. We find no abuse of the superior court's discretion in its grant of defendants' motion to dismiss plaintiff's appeal filed in the superior court on July 3, 1986. See *Bowen v. Clayton County Hosp. Auth.,* 172 Ga. App. 204, 205 (322 SE2d 528); *McDonald v. Garden Svcs.,* 163 Ga. App. 851, 853 (295 SE2d 551); *Pickett v. Paine,* 139 Ga. App. 508 (229 SE2d 90); *In re G. W. H.,* 168 Ga. App. 845, 846 (310 SE2d 573). Plaintiff's reliance upon our decision in *Galletta v. Hillcrest Abbey West,* 185 Ga. App. 20 (363 SE2d 265), is misplaced as that case involved a delay of only 11 days in filing a transcript which did not discernibly delay the docketing of the record in this court.

Inasmuch as the dismissal of plaintiff's appeal, filed July 3, 1986, was not error, it is unnecessary to consider the remaining enumera-

tions of error in Case No. 77484. See *McDonald v. Garden Svcs.*, 163 Ga. App. 851, 853, supra.

3. In Case No. 77485, defendants contend that the superior court erred in denying their motion to dismiss the appeal in Case No. 77484. However, in view of our decision affirming the superior court's ruling in Case No. 77484, the issues raised by the appeal in Case No. 77485 are moot.

*Judgment affirmed in Case No. 77484. Appeal dismissed in Case No. 77485. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Although I concur in Division 1, I respectfully dissent with respect to Division 3, which necessitates a ruling in Division 3. As to the latter, I would affirm, as not being an abuse of discretion, the trial court's denial of defendants' motion to dismiss the appeal from the order dismissing the first appeal.

However, the bounds of discretion were transgressed when the trial court dismissed plaintiff's appeal from the grant of summary judgment to all defendants on all issues. The court's actions thus precluded an airing of plaintiff's multi-count complaint before a jury and also precluded appellate review of the legality of an adverse summary judgment, thereby ending the case which at that point already was constituted of over 4,100 pages of record.

By the time the dismissal occurred, the huge record had already been prepared by the clerk, and plaintiff had incurred and paid over $6,100 in copying and related (OCGA § 15-6-77.3 (b)) appeal expenses (OCGA 15-6-77 (e) (6)), even if the preparation was rendered useless by dismissal.

It is the clerk's duty to prepare "a transcript of the record" for appeal, OCGA § 15-6-61 (10), but the clerk is not to transmit the record to the appellate court until the costs are paid, unless the appellant swears he is indigent or gives security for the costs. OCGA § 15-6-80. Appellant had not asked the public to bear the expense of his appeal even though he was financially strapped. Instead, he waited until he was able to marshal the funds for the record. He did not provide the alternate method of securing release of the record for transmittal, i.e., posting security, but no one moved for such an additional expense so as to move the appeal along, nor for dismissal unless costs were paid within a specified time.

The law does not require the costs to be paid within any certain time. OCGA § 5-6-38. Instead, it guarantees that dismissal for failure to pay costs is prohibited if they are paid within 20 days of notice of the amount. OCGA § 5-6-48 (c). When that period is exceeded, the court may dismiss the appeal for staleness "where there has been an

unreasonable delay in the transmission . . . , and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." Ibid.[1]

Here the court dismissed the appeal upon defendants' motion, even though the costs had been paid before dismissal, and without first giving plaintiff an opportunity by way of an order setting a limit for payment. Defendants fault plaintiff for not seeking an extension of time, but the law does not particularly provide for such, as costs are not "filed." OCGA § 5-6-39. Nor could appellant move this Court to review the case on the original record pursuant to its authority provided by OCGA § 5-6-41 (f) to "order . . . original papers or exhibits," so as to avoid the delay brought about by the need to pay for copying costs, because this Court would not have jurisdiction until the clerk transmitted the record, and the clerk would not send it until the costs were paid.

The Constitution of Georgia raises to constitutional dimensions the public policy of this State to reach finality in cases in an expeditious manner. Ga. Const. 1983, Art. VI, Sec. IX. This is an obligation of both the trial and appellate levels, as commanded in Paragraphs I and II. See also *ITT Terryphone Corp. v. Modems Plus*, 171 Ga. App. 710, 711 (1) (320 SE2d 784) (1984); where the court's stated policy in such matters affirms the principle.

In implementing the sense of these general provisions, the law is practical rather than rigid and counsels, expressly, that appellate procedure is to "be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case. . . ." Subsection (d) of OCGA § 5-6-48, the very section containing the subsection being applied here, allows all kinds of fix-up (correction and completion) with regard to the record so that "the appellate court can and will pass upon the appeal and not dismiss it."

While subsection (d) is directed at the appellate court, subsection (c) instructs both the appellate and trial courts, and since the particular rule at issue here is contained in Article 2 of Title 5, Chapter 6, the trial court is bound by OCGA § 5-6-30 and the spirit embodied therein just as is the appellate court.

It took the clerk's office five months to prepare the voluminous record and send the bill, so the one-year delay between the filing of the notice of appeal and the payment of costs is not entirely attributable to plaintiff. An additional delay of many months after payment of costs was occasioned by the trial court's own clerk's office, which certified that delay in transmission "was in no way due to the fault of Appellant, nor any party at interest, but was due to stress of work in

---

[1] Note that there is no mention of the alternative of giving security.

[that] office."

No one involved in this suit, except appellant himself, was harmed by the delay in payment. This is not a case where the winner's relief has been delayed, such as where a plaintiff's judgment is held in abeyance. While it is true that defendants have been deprived of finality of their judgment of non-liability, they do not claim harm arising from the appellant-caused delay. As in *Gay v. City of Rome*, 157 Ga. App. 368, 369 (1) (277 SE2d 741) (1981), they do not controvert Hatfield's explanation for the delay.

What is more, they stand to gain because the passage of time notoriously dims memories and scatters papers, all of which benefits them and handicaps the plaintiff who must prove his case should it go to trial.

The clerk certainly was not prejudiced, because the costs were paid before the court ruled. That court was not prejudiced, because the case was being taken out of its jurisdiction. Consideration of the appeal was not handicapped either, because it proceeds on the very same record, whether it is one month or one year after the notice of appeal is filed.

The nature of the case itself is also a relevant factor here. It is brought by an employee against his former employer and others for wrongful termination of his employment, etc. That is directly related to plaintiff's reason for not paying the huge costs earlier; he did not have the income.

The law looks after paupers. OCGA § 15-6-80. It ought also to look after those who work to accumulate the funds to pay, even if it takes longer for them to do so than orderly administration would prefer. Of course, where there is no plausible reason for delay, or it appears that delay is occasioned by an ulterior motive, the court should not hesitate to call a halt to the use of the court system.

To affirm dismissal here would be incongruous with the ruling in *Gay*, supra, where an eighteen-month delay occasioned by appellants, who explained their failure to timely file the transcript, was not deemed fatal. Nor is it in harmony with *ITT ·Terryphone Corp.*, supra, where as here the costs were paid after the motion was made and before the ruling. This case does not fall within the category reviewed in *Bouldin v. Parker*, 173 Ga. App. 526 (1) (327 SE2d 760) (1985), where costs were not paid even when a hearing was held on a motion to dismiss and apparently no explanation was given.

Before a case is inflicted with some sort of terminal illness, other than where dismissal is mandatory because of jurisdictional infirmity, the appellant should be ordered or notified by motion to take the procedural action and be faced with dismissal if he fails to comply. The harsh action taken by the trial court, viewed in the totality of the circumstances, amounts to an abuse of the legal discretion recognized

in *Young v. Climatrol &c. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976), when measured against the softer approach imposed by the law as articulated by OCGA § 5-6-30.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED MARCH 1, 1989 —

*Sumner & Hewes, William E. Sumner, David A. Webster*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Jesse H. Austin III, Jeffrey D. Paquin*, for appellees.