## A91A0843. ROACH v. BOYCE, THOMPSON & O'BRIEN, P.C.
### (410 SE2d 748)

SOGNIER, Chief Judge.

A law firm, Boyce, Thompson & O'Brien, P.C., brought suit against a former client, Ronnie D. Roach, to foreclose on an attorney's lien. The parties submitted cross motions for summary judgment, and the trial court granted the plaintiff's motion and denied that of the defendant. Roach's notice of appeal from that judgment was dismissed by the trial court in an order dated June 4, 1990 because it was not timely filed. Roach then filed a notice of appeal from the June 4 order, which was dismissed by the trial court on December 3, 1990 after notice and a hearing on the ground that the delay in paying costs was unreasonable and inexcusable. Roach appeals.

The record reveals that after the June 4 order was entered, appellant filed his notice of appeal from that order on June 25, 1990. The clerk of court sent a notice of costs on July 9, 1990, and appellant received the notice two days later. Appellant did not pay the costs until October 25, 1990, six days after appellee moved to dismiss the notice of appeal for nonpayment of costs. The record also reveals that this action was administratively terminated on August 21, 1990 because of a bankruptcy stay, but at a meeting of creditors on September 26, the bankruptcy court authorized appellant to pursue the instant appeal, and an order memorializing that decision was entered on October 10.

1. OCGA § 5-6-48 (c) provides in part that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the . . . transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." The trial court is authorized to enter such a dismissal only upon a finding that the delay was both unreasonable and inexcusable. *Young v. Climatrol &c. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976). This court has held that delays of more than 30 days are prima facie unreasonable and inexcusable. *Bouldin v. Parker*, 173 Ga. App. 526, 527 (1) (327 SE2d

760) (1985).

There is no evidence in the record to explain appellant's 106 day delay in paying costs. Although in his briefs before the trial court and this court appellant maintains the delay resulted in part because the first check sent was returned for insufficient funds and counsel subsequently received conflicting advice from the clerk concerning the type of tender required, we find no abuse of discretion in the trial court's conclusion that the delay was unreasonable and was not excused by this explanation. In addition, we agree with the trial court's conclusion that the bankruptcy stay did not excuse the delay, as appellant failed to pay the costs in the 42 days prior to entry of the stay, nor did he tender payment until a month after he received authorization from the bankruptcy court to continue with the appeal. Moreover, if appellant was unable to obtain the necessary funds, he could have filed an affidavit of indigency, but he did not do so. Under the circumstances, we find that dismissal was warranted. See *Hatfield v. Great Amer. Mgmt. &c.*, 190 Ga. App. 534, 535 (2) (379 SE2d 544) (1989); *Little v. Thompson Co.*, 140 Ga. App. 238, 239 (2) (230 SE2d 316) (1976).

2. Since we have ruled the dismissal of appellant's appeal was not error, we need not consider his remaining enumerations. *Hatfield*, supra at 535-536 (2).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 17, 1991 — 

*Floyd H. Farless*, for appellant.

*Boyce, Thompson & O'Brien, J. Patrick O'Brien, Betty H. Morris*, pro se.