A94A1474. LEDEE v. KISSIAH.
(452 SE2d 558)

POPE, Chief Judge.
Defendant William A. Ledee, pro se, appeals the trial court's or-

der dismissing his original notice of appeal for failure to pay costs, arguing that the trial court erred by dismissing his appeal without receiving evidence or conducting a hearing.

On January 14, 1994, the trial court entered the following order: "Before the Court is Plaintiff's Motion to Dismiss Appeal pursuant to OCGA § 5-6-48 filed on November 5, 1993. The Defendant has not filed a response to the motion. After reviewing the record, the Court finds as follows:

"This Court granted Plaintiff's Motion for Partial Summary Judgment on May 3, 1993 and an Order was filed with the Court on May 4, 1993. The Defendant filed a Notice of Appeal on June 3, 1993. The cost bill was delivered to the Defendant on June 16, 1993 when his attorney of record signed a certified mail receipt for the bill. As of this date defendant has not paid the cost bill.

"The trial court, after notice and opportunity for hearing, has the authority to dismiss an appeal 'where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of (the appealing party) to pay costs in the trial court or file an affidavit of indigence.' OCGA § 5-6-48 (c). The Court orders Defendant to schedule such [a] hearing with the Court within 15 days of the date of this Order or the appeal shall be dismissed."

On February 2, 1994, the court entered an order dismissing the appeal, noting that defendant had failed to request a hearing within 15 days as required by the January 14 order. The January order clearly recited the conditions necessary to authorize dismissal pursuant to OCGA § 5-6-48 (c) and stated the facts in this case which would authorize dismissal under that section. That order also provided defendant with an opportunity to be heard, which is what the statute requires, within a specified time. When defendant did not exercise his right to be heard, the trial court properly exercised its discretion, based on what was said in the January 14 order, to dismiss the appeal pursuant to OCGA § 5-6-48 (c). See, e.g., *Bouldin v. Parker*, 173 Ga. App. 526 (1) (327 SE2d 760) (1985) (delays of over 30 days are prima facie unreasonable and inexcusable).

The dissent would remand this case to the trial court, "with direction that appropriate findings be made on the record as to the pertinent inquiry." However, remand serves no useful purpose when it would simply require the trial court to do again what it has already done before. This is the situation here, and the judgment of the trial court dismissing the original notice of appeal is affirmed.

*Judgment affirmed. Birdsong, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur. Beasley, P. J., concurs specially. McMurray, P. J., dissents.*

BEASLEY, Presiding Judge, concurring specially.

In his sole enumeration of error, appellant pro se contends that the court erred in dismissing his appeal from the grant of partial summary judgment to plaintiff. Although appellant makes a number of factual statements concerning the history of the underlying case, we are at a disadvantage and cannot consider them because so little of the record was designated by his counsel for *this* appeal. We have only the original complaint and the requests for discovery which accompanied it, the return of service, the order filed January 14 directing defendant to schedule a hearing on plaintiff's motion to dismiss the appeal or to suffer dismissal of it, the order filed February 2 dismissing the appeal, and the motion for reconsideration filed by counsel on February 15 along with affidavits from himself and appellant. The motion was not ruled on before *this* appeal was filed by counsel on March 1.

Both orders of the court show that copies were to be sent to both parties' counsel, although the addresses are not shown on the orders. Counsel obviously received the dismissal order, for he filed a motion to reconsider it just 13 days later. Appellant himself states in his brief that "Appellant heard nothing further about this case until he received a notice from the trial court dismissing his appeal, for failure to timely pay costs." Apparently he refers to the copy of the order sent to counsel. Although counsel's affidavit filed with the motion to reconsider states that he was unaware of the January 14 order and that it apparently was sent to his old address and was not forwarded, it is not explained how he got the February 2 order, which would have been sent by the clerk after the first order was sent. Appellant's affidavit of February 15, 1994, filed with the motion to reconsider, states that he had not received any statement of costs "but will remit the same when advised, instantly." Yet the court had found in its January 14 order that counsel had signed a certified mail receipt for the bill of costs on June 16, 1993. It is difficult to imagine why appellant did not have it when he signed the affidavit obviously prepared by counsel and dated the same day as counsel's affidavit. It is not denied that counsel received the bill of costs.

There is still no explanation of why costs were not paid, nor was it explained in the motion for reconsideration or affidavits filed below. That being so, a hearing would avail nothing. "[D]elays of over 30 days are prima facie unreasonable and inexcusable. [Cit.]" *Bouldin v. Parker*, 173 Ga. App. 526, 527 (1) (327 SE2d 760) (1985).[1]

[1] *Bouldin* relies on *Continental Invest. Corp. v. Cherry*, 124 Ga. App. 863 (1) (186 SE2d 301) (1971). In that case the motion to dismiss for failure to pay costs within a reasonable time was made in *this* court. Although the court did not dismiss the appeal, so appellant was not prejudiced, we note that there was no hearing on the matter. Although what is now

Insofar as counsel's suspension from practice is concerned, appellant makes no suggestion whatsoever that counsel was incompetent or neglectful or failed to communicate with him or that counsel's suspension rendered the dismissal erroneous. In fact, counsel was not suspended until February 21, 1994, after even the motion for reconsideration was so promptly filed by him. *In the Matter of Martin B. Findley*, 263 Ga. 832 (441 SE2d 410) (1994).

I therefore concur with the majority in concluding that the trial court did not err in dismissing the appeal in accordance with OCGA § 5-6-48 (c), after even giving opportunity for a hearing.

McMURRAY, Presiding Judge, dissenting.

As my analysis differs from that of my colleagues in the majority, I respectfully dissent. If ever there were a case for a punctilious adherence to procedural requirements, this is that case. The majority overlooks a material event which was unknown to the trial court at the time it dismissed defendant William A. Ledee's notice of appeal but which is a matter of record in this court: defendant's attorney was the subject of an emergency suspension from the practice of law in this State by the Supreme Court of Georgia, for allegedly abandoning client matters; engaging in conduct involving deceit, fraud, dishonesty, wilful misrepresentation, and moral turpitude; and making false representations to a court. See *In the Matter of Martin B. Findley*, 263 Ga. 832 (441 SE2d 410). In light of this circumstance, the trial court would be authorized to conclude that the failure of defendant to answer requests for admissions, failure to pay costs timely, and failure to schedule a hearing on plaintiff's motion were not wilful on the part of defendant but were due to the action or inaction of the attorney. See *In the Matter of Martin B. Findley*, 263 Ga. 832, supra. Accordingly, I cannot join in the insupportable assertion that it would serve no "useful purpose" to remand this case for a proper determination of plaintiff's motion to dismiss the notice of appeal.

The trial court's order shows on its face that the basis for the dismissal of defendant's notice of appeal is not one of the grounds enumerated at OCGA § 5-6-48 (c). Defendant's failure to schedule the hearing on the merits of plaintiff's motion would "not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal. The court must find all [applicable] conditions before an exercise of discretion is authorized." *Baker v. Southern R. Co.*, 260 Ga. 115, 116

---

OCGA § 5-6-48 has been amended three times since 1971, the wording of this subsection has not changed insofar as it concerns this court's authority to dismiss for failure to timely pay ' trial court costs. It is implied that the appellate court can dismiss for the same reason as can the trial court.

(390 SE2d 576). Moreover, the order shows that the trial court did not exercise its discretion but rested its judgment on an erroneous apprehension of the applicable law. Compare *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (2) (370 SE2d 625). Accordingly, the "right for any reason" rule is unavailable to ratify the result. *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360); *Lowance v. Dempsey*, 99 Ga. App. 592 (2) (109 SE2d 318). It is my view that, the judgment dismissing defendant's notice of appeal for failure to schedule a hearing on the merits of plaintiff's motion should be vacated, and the case should be remanded with direction that appropriate findings be made on the record as to the pertinent inquiry under OCGA § 5-6-48 (c). This is the procedure employed by the Supreme Court of Georgia in *Scocca v. Wilt*, 241 Ga. 334 (245 SE2d 295). I respectfully dissent from the judgment of affirmance based upon the inapplicable "right for any reason" rule or any characterization of this judgment as falling within the discretion of the trial court.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 —

William A. Ledee III, *pro se.*
*McKinney & Salo, Jan McKinney,* for appellee.