**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
**physically received in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 10, 2015**

# In the Court of Appeals of Georgia

A15A1571. JONES v. DEUTSCHE BANK NATIONAL TRUST
    COMPANY et al.

MCFADDEN, Judge.

Royce L. Jones filed this appeal from the trial court's dismissal of an earlier

notice of appeal. Jones argues only the merits of the case; he does not argue that the

trial court erred in dismissing his first notice of appeal. Because Jones does not

challenge the dismissal, and we cannot reach his enumerations of error regarding the

merits of the case, we affirm.[1]

Jones brought this action asserting wrongful foreclosure and numerous other

claims against Deutsche Bank National Trust Company as trustee for Soundview

---

[1]Although Jones has abandoned the only issue he is entitled to raise in this
appeal, that failure does not deprive us of jurisdiction. Deutsche Bank's motion to
dismiss is therefore denied. See OCGA § 5-6-48 (b).

Home Loan Trust 2007-2, Ocwen Loan Servicing, LLC, and foreclosure attorneys McCurdy & Candler, LLC. Deutsche Bank and Ocwen moved to dismiss Jones's complaint, and McCurdy & Candler moved for judgment on the pleadings. The trial court granted both motions. Jones timely filed a notice of appeal. The trial court dismissed that notice of appeal because of Jones's delay in paying the cost bill for the appellate record. Jones then filed the instant appeal.

"A trial court's ruling on whether an appeal is subject to dismissal will be reversed only for an abuse of discretion." *Ashley v. JP Morgan Chase Bank*, 327 Ga. App. 232, 235 (1) (758 SE2d 135) (2014). In his brief of appellant Jones does not attempt to persuade us that the trial court abused her discretion in dismissing his first notice of appeal; he does not challenge that ruling at all. Instead he argues the merits of his dismissed appeal.

Jones is not entitled to be heard on the merits of that appeal. "[O]nly if the [trial] court's dismissal of the notice of appeal" is overturned can any questions regarding the merits of the case be raised on appeal. *Hatfield v. Great American Management & Investment*, 258 Ga. 640 (373 SE2d 367) (1988). Because Jones does not challenge the trial court's dismissal of his first notice of appeal and, in any event, the dismissal was not an abuse of discretion, we do not address Jones's enumerations

of error regarding the merits of the case. See *ACCC Ins. Co. v. Pizza Hut of America,* 314 Ga. App. 655, 660 (725 SE2d 767) (2012).

Jones does address the dismissal issue in his reply brief. But that is too late. "Once an error has been abandoned in an initial brief, it cannot be resurrected by supplying argument and citation of authority in a reply brief." *Befekadu v. Addis Intl. Money Transfer,* 332 Ga. App. 103, 108-109 (2) (__ SE2d __) (2015) (citations omitted).

The arguments in his reply brief are, in any case, entirely without merit. They consist of unsupported assertions that the clerk of the trial court is to blame for the delay in preparing the appellate record. "We cannot consider factual assertions in briefs that are not supported by the record." *Bennett v. Quick,* 305 Ga. App. 415, 417 (699 SE2d 539) (2010) (citation omitted).

And our review of the record confirms that there was no abuse of discretion by the trial court in dismissing Jones's appeal. It was within the trial court's discretion to dismiss Jones's appeal because she found Jones's delay in paying the cost bill to be unreasonable and inexcusable.

"[A] trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is

3

seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." OCGA § 5-6-48 (c). "[A] delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007) (citation and punctuation omitted). Here, the trial court found that Jones tendered payment for the cost bill 42 days after it was delivered to him.

*Judgement affirmed. Ellington, P. J., and Dillard, J., concur.*