58882. TAYLOR et al. v. THOMPSON.

McMURRAY, Presiding Judge.

This case involves a dispute between plaintiffs and defendant resulting from the sale of land in which a deed to secure debt and promissory note were given by the plaintiffs to the defendant. Plaintiffs were seeking a decree requiring the release of certain lands, that the foreclosure of the loan deed be enjoined, and for other damages. By counterclaim, the defendant was seeking a judgment on the promissory note as being past due and unpaid, the installment note having been accelerated to

maturity. A verdict was rendered in favor of defendant for the amount of the note including principal, interest and attorney fees. On motion of the defendant to vacate and set aside the award of $1,000 attorney fees and to increase same in the amount of 15% of the principal and interest found by the jury to be due and owing by the plaintiffs, the court in its judgment, delineating the motion as a motion for judgment notwithstanding the verdict, awarded the principal and interest as found by the jury and increased the attorney fees in accordance with the motion. The judgment was dated December 27, 1978, and filed on the same date. Whereupon the plaintiffs filed a notice of appeal dated January 19, 1979, and filed on January 22, 1979.

On February 18, 1979, the defendant filed a motion to dismiss the appeal because the plaintiffs had failed to file a transcript of the evidence and proceedings within 30 days of the filing of the notice of appeal, had failed to obtain an extension of time for the filing of the transcript; and on information and belief that no transcript had been ordered from the court reporter it was counsel's opinion the appeal had been abandoned. The motion was to be heard on March 8, 1979, later changed to April 27, 1979, and later heard on April 30, 1979. At that time, following the hearing in which there was no appearance by counsel for the plaintiffs, the court was of the opinion that there had been an unreasonable delay on the part of the plaintiffs in obtaining the transcript, had failed to file a transcript, and the same constituted an unreasonable delay which delay was inexcusable and caused by the neglect or default of the plaintiffs. The order dismissing the appeal was dated May 1, 1979. On May 2, 1979, another order was entered stating that when the order of dismissal dated May 1, 1979, was presented to the court, counsel for the plaintiffs was present, and the court, after hearing his argument and justification for the denial of the order dismissing the appeal, reaffirmed the court's order of dismissal dated May 1, 1979. Plaintiffs appeal from the order dismissing the appeal. *Held:*

1. The time provided for filing the transcript of evidence and proceedings in appeals is no longer jurisdictional. However, the Appellate Practice Act, as

amended, Code Ann. § 6-809(b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986) provides that the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed "where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party; and in like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit . . ."

In *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737), the Supreme Court has held that the trial court in considering a motion to dismiss under the Appellate Practice Act must find "the delay was *unreasonable* and . . . that the unreasonable delay was *inexcusable,*" and the court must exercise a legal discretion which is subject to review in the appellate courts, citing *Gilman Paper Company v. James,* 235 Ga. 348 (219 SE2d 447). Here the trial court, after notice and hearing, counsel for the plaintiffs being given opportunity for additional hearing, dismissed the appeal because plaintiffs had failed to file a transcript of the record and failed to pay costs, and the same constituted an unreasonably delay and it was shown that the delay was inexcusable and caused by the neglect or default of the plaintiffs. We find no abuse of discretion on the part of the trial court in dismissing the appeal.

2. There is no merit in the contention by counsel for the plaintiffs that the trial court erred in failing to continue the hearing on April 30, 1979, upon being advised that plaintiffs' counsel was not present. On May 2, 1979, the trial court issued an order that after the hearing on April 30, 1979, counsel for plaintiffs was notified that the order dismissing the appeal would be presented to the court on May 1, 1979, at which time counsel for plaintiffs was present when the order was presented to the court and after hearing his arguments and justification for the denial of the order dismissing the appeal the order signed that date was reaffirmed. There is no merit in this

complaint.

3. Counsel for plaintiffs also contends that the trial court erred in failing to make findings of fact and conclusions of law as to the delay, citing Section 52 of the Civil Practice Act (Code Ann. § 81A-152 (a); Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). The requirements of Code Ann. § 6-809 (b), supra, having been fulfilled, we do not believe that the Civil Practice Act (Code Ann. § 81A-152 (a)), supra, would control, although in the dismissal order the trial court has found specially that between January 19, 1979, and May 1, 1979, the plaintiffs had failed to file a transcript of the record and had failed to pay costs and "the same constituted an unreasonable delay and it further having been shown that the delay was inexcusable and caused by the neglect or default of the [plaintiffs]," the appeal was dismissed. All requirements of Code Ann. § 81A-152 (a), supra, have been stated in this order. There is no merit in this complaint.

4. Every requirement of Code Ann. § 6-809 (b), supra, has been complied with in the dismissal of plaintiffs' appeal. The trial court has not, as contended by the plaintiffs, violated the plaintiffs' right to due process of law as therein claimed.

Having considered each and every enumeration of error set forth and argued by the plaintiffs in their brief, we find no reversible error.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED NOVEMBER 26, 1979 —

*Jerry M. Daniel,* for appellants.
*Wallace H. Pilcher,* for appellee.