60373, 60374. GAY v. CITY OF ROME; and vice versa.

Pope, Judge.

Appellant, Shelva Jean Brown Gay, brought a personal injury action against the City of Rome to recover damages for the injuries which she allegedly suffered as a result of a traffic accident involving a City of Rome transit bus and appellant. The jury returned a verdict in appellee's favor and the instant appeal is from the judgment entered thereon. We find no error and affirm. The City of Rome cross appeals contending that the trial court erred in denying its motion to dismiss the appeal. We affirm the trial court's denial of the City of Rome's motion to dismiss.

On or about March 9, 1973 Gay was driving her automobile and was in the process of exiting from West Rome High School in Rome, Georgia. The driveway at the school contained two usable lanes and was utilized as a one-way drive. Vehicles exiting the school would drive side-by-side and both turn right onto Redmond Road, which provided two lanes going in the direction of the turn. On the day of the accident, the City of Rome bus was in the left lane and Gay's vehicle was in the right lane. Both vehicles were preparing to, and did, make a right-hand turn onto Redmond Road. At some point during this turn or immediately thereafter, the two vehicles collided. Gay contends that as a result of the accident she suffered severe back injuries.

On August 5, 1974 Gay filed suit against the City of Rome. On or about January 18, 1976 a trial was held which resulted in a mistrial. On January 14, 1977 a second trial, the subject of this appeal, was held. This trial resulted in a verdict for the City of Rome. Gay moved for a new trial. On August 25, 1978 the motion was overruled. On September 22, 1978 Gay filed a notice of appeal. A thirty-day extension for filing the transcript was granted by the trial court on October 13, 1978. On March 9, 1979 the City of Rome moved to dismiss the notice of appeal for failure to prosecute. The City of Rome again moved to dismiss the appeal on March 11, 1980. On April 18, 1980 after a hearing, the trial court denied the City of Rome's motion to dismiss the appeal.

1. On cross appeal, cross appellant, City of Rome, enumerates as error the trial court's denial of its motion to dismiss the main appeal. Cross appellant contends that the delay of eighteen months between the filing of the notice of appeal and the subsequent filing of the transcript and the appeal's prosecution was unreasonable and inexcusable within the meaning of Code Ann. § 6-809 (b). Furthermore, cross appellant challenges the order denying the motion to dismiss the appeal on the grounds that the trial court failed to make findings of fact and conclusions of law. We find no merit in

either contention.

(a) The Appellate Practice Act provides that "the trial court may . . . order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party." Code Ann. § 6-809 (b). In reviewing this provision, the Supreme Court has said "that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.*" *Young v. Climatrol &c. Corp.,* 237 Ga. 53, 55 (226 SE2d 737)(1976). "In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts." *Young v. Climatrol &c. Corp.,* supra.

In reviewing the trial court's determination, we find that, under all the facts of this case, the delay was not both unreasonable and inexcusable. The City of Rome has not controverted Gay's explanation for the delay. At the hearing on the motion to dismiss the appeal, Gay submitted three affidavits which show the following: Gay's husband paid $1,000.00 in cash to the attorney who was to handle their appeal. This money was to be used to pay for the cost of preparing the transcript. This attorney left town without paying the transcript cost or returning the money to Gay. The attorney, who had represented Gay at the trial and who was also to aid in her appeal, was seriously ill throughout this eighteen-month period to the extent that he was both physically and mentally incapable of practicing law. Furthermore, he thought the transcript had been prepared. The Gays contacted him numerous times concerning their appeal and each time they were assured that the appeal was proceeding properly. Upon learning that the transcript had not been prepared, the Gays instructed the court reporter to prepare it. The City of Rome subsequently filed a motion to dismiss the appeal at which time the Gays hired a new attorney. In light of the above facts, the trial court did not abuse its discretion in denying the City of Rome's motion to dismiss the appeal.

(b) Code Ann. § 6-809 (b) does not, by its terms, require the trial court to make a formal recitation of the conditions upon which the trial court grants or denies a motion to dismiss an appeal. *Lee v. White Truck Lines, Inc.,* 143 Ga. App. 94, 95 (238 SE2d 120) (1977). The challenged order complied with the requirements of Code Ann. § 6-809 (b). Accordingly, the trial court was not required to make findings of fact and conclusions of law in its order denying the motion to dismiss the appeal. *Taylor v. Thompson,* 152 Ga. App. 547 (3) (263 SE2d 487) (1979).

2. In the main appeal, Gay contends that the verdict and judgment of the trial court was contrary to the weight and sufficiency

of the evidence. We disagree.

"The role of an appellate court is not to pass on the weight of the evidence but the sufficiency." *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 62 (250 SE2d 851) (1978). If there is "any evidence" to support the verdict we cannot disturb it. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35) (1976); *Bone Const. Co. v. Lewis,* supra; *Smith v. Hornbuckle,* 140 Ga. App. 871, 879 (232 SE2d 149) (1977). This enumeration is without merit.

3. In Enumerations 2 and 3 Gay complains that the trial court should have given two requested charges in the exact language of the requests. The general charge, as given by the trial court, substantially covered the same principles. Since the repeal and re-enactment of Code Ann. § 70-207, "[t]here is presently no requirement in this State that the court instruct [the jury] in the exact language of the request, even though the request may be correct as an abstract principle of law which is directly applicable to a material issue." *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416) (1970); *Hardwick v. Price,* 114 Ga. App. 817, 821 (3) (152 SE2d 905) (1966).

4. The fourth enumeration of error contends that the trial court erred in charging the jury on the principle of comparative negligence as there was no evidence of comparative negligence. We disagree.

It is the duty of the judge to charge the jury on the law applicable to the issues made by the pleadings and the evidence. *Rutland v. Jordan,* 111 Ga. App. 106, 107 (3) (140 SE2d 498) (1965). " 'The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even slight evidence consisting of inferences drawn from the testimony. [Cits.]. . . .' " *Lacy v. Ferrence,* 117 Ga. App. 139, 140 (159 SE2d 479) (1968); *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, supra. It is the function of the trial judge to determine whether there is sufficient evidence to raise an issue requiring a charge.

In the instant case, the evidence was in conflict as to how the collision actually occurred. The driver of the bus testified that Gay, in attempting to get in the lane in front of the bus, hit the bus. Gay testified that the bus, in making its turn, veered into her lane, hitting her car. The police officer, who wrote the accident report, testified that debris from Gay's car was found on the centerline of the street. This evidence was sufficient to authorize a jury inference that Gay was negligent at the time the collision occurred. Thus, the trial judge did not err in giving the charge on comparative negligence.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 5, 1981.

*Mark Weber,* for appellant.
*Robert M. Brinson, Keith Oelke,* for appellee.