## A91A1889. GENINS v. CITY OF ATLANTA et al.
### (416 SE2d 838)

JOHNSON, Judge.

The appellant petitioned the Fulton County Superior Court for certiorari to review a decision of the Municipal Court of the City of Atlanta, and the superior court dismissed the petition for the stated reason that the appellant had failed either to perfect personal service upon the respondent municipal court judge or to take steps to secure a timely answer from the judge. Approximately a month later, the appellant filed a renewal petition pursuant to OCGA § 9-2-61 (a), which provides, in pertinent part, that a plaintiff who discontinues or dismisses his case may recommence it "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." However, the superior court dismissed this petition also, based on a determination that "the renewal statute does not apply to appeals and certiorari from lower courts and is a procedural device used only in trial courts of records (sic) where the Civil Practice Act applies." The case is before us pursuant to our grant of the appellant's application for a discretionary appeal from a subsequent order of the trial court refusing to set aside this dismissal.

The renewal statute, OCGA § 9-2-61, does apply to appeals by certiorari to superior court. In *City of Atlanta v. Schaffer*, 245 Ga. 164 (264 SE2d 6) (1980), the Georgia Supreme Court concluded that the involuntary dismissal of a certiorari petition based on the petitioner's failure to procure a proper answer from the magistrate constituted a dismissal of the proceeding for failure to prosecute within the contemplation of former Code Ann. § 81A-141 (b) (now OCGA § 9-11-41 (b)). Because a dismissal for failure to prosecute was considered an adjudication on the merits under this Code section as it existed at that time, the court went on to hold that the dismissal barred the filing of a renewal action. However, OCGA § 9-11-41 (b) was subsequently amended by Ga. L. 1982, p. 784, to specify that a dismissal for failure to prosecute does not operate as an adjudication on the merits; and in *Copeland v. White*, 178 Ga. App. 644, 645 (344 SE2d 436) (1986), this court made it clear that under the amended statute, if a certiorari petition is involuntarily dismissed for failure to prosecute, it may be renewed within six months pursuant to OCGA § 9-2-61. Accordingly, we hold that the trial court erred in refusing to set aside its order dismissing the appellant's renewal petition in the pre-

sent case.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1992.

R. John Genins, pro se.
Raines F. Carter, Barbara A. Harris, for appellees.