A91A1961. BISHOP CONTRACTING COMPANY, INC. v. NORTH GEORGIA EQUIPMENT COMPANY, INC.
(417 SE2d 400)

JOHNSON, Judge.

Bishop Contracting Company (Bishop) appeals a jury verdict in favor of North Georgia Equipment Company, Inc. (North Georgia), and the entry of a directed verdict on its counterclaim.

North Georgia was the heating, ventilation and air conditioning systems (HVAC) subcontractor on several construction projects for Bishop, a general contractor. North Georgia brought this action to re-

cover sums allegedly due on the projects. The first project, an office building for the Douglas County Water and Sewer Authority, was controlled by an AIA contract, with a contract price of $109,500. The second project was the remodelling of a Denny's restaurant which was not controlled by a written contract. A third project, also undertaken without a written contract, involved installation of equipment at the Night Falls Restaurant. Bishop raised different defenses to the claims on each of the three projects.

On the Douglas County Project, Bishop claims that the AIA contract contains a pay-when-paid clause which would excuse payment in full in light of an $8,800 penalty which was assessed against Bishop for failing to complete construction on schedule. Bishop testified that he intended to prorate this penalty among the general and subcontractors on the job.

Despite a $21,555 bid on the Denny's Restaurant project, Bishop paid North Georgia $15,650. Bishop contends that the theory of quantum meruit excused payment of the remainder of the bid price.

Finally, Bishop contends that no monies were due on the Night Falls project because Bishop was not a party to the contract. North Georgia negotiated the Night Falls job with the son of Neil Bishop, president of Bishop and Bishop's project manager, D. K. Wood, who it presumed were acting as agents of Bishop at the time the work was contracted.

Bishop filed a counterclaim asserting a slander of title claim arising out of lien filed by North Georgia for work done on a piece of property owned by a partnership of which Neil Bishop, individually, was a general partner and which is unrelated to any of the projects previously described.

The jury entered a verdict in favor of North Georgia in the principal amount of $16,895, together with a separate award of prejudgment interest in the amount of $3,380. Bishop appeals.

1. Bishop asserts three separate enumerations of error concerning prejudgment interest: 1) that the trial court erred in denying its motion for a directed verdict on that issue, 2) that the trial court erred in charging the jury on the matter of prejudgment interest, and 3) that the trial court erred in entering a judgment including prejudgment interest. All three enumerations are without merit.

Testimony was given by Haskell Perry, President of North Georgia Equipment Company, that interest was routinely assessed against accounts which were over 30 days past due. Eight of plaintiff's exhibits (nos. 11, 12, 13 and 26 through 30) which were admitted into evidence without objection provide expressly that accounts more than 30 days past due will bear interest at the rate of 1.5 percent per month or 18 percent per annum. Finally, § 5.4 of the AIA contract which controlled the Douglas County job and which was also admitted into

evidence without objection, provides expressly that unpaid progress or final payments to subcontractors will bear interest at the prevailing legal rate.

The Georgia Supreme Court has held that OCGA § 13-6-13 authorizes a separate award of prejudgment interest even in cases in which contract damages are unliquidated. *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 119 (335 SE2d 547) (1985). See *International Indem. Co. v. Terrell*, 178 Ga. App. 570, 571 (344 SE2d 239) (1986); *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683 (382 SE2d 721) (1989). Therefore the trial court did not err in denying defendant's motion for a directed verdict on the issue of prejudgment interest. The court's charge on prejudgment interest as given was an accurate and complete statement of the law. Entry of judgment based on the findings of the jury as to the amount of interest calculated from the exhibits in evidence was proper, that evidence having been sufficient to support the verdict. It is well established that this court will not pass on the weight, but the sufficiency of the evidence. "If there is 'any evidence' to support the verdict we cannot disturb it." *Gay v. City of Rome*, 157 Ga. App. 368, 370 (277 SE2d 741) (1981); *Hallford v. Banks*, 236 Ga. 472 (224 SE2d 35) (1976); *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61 (250 SE2d 851) (1978).

2. The trial court properly refused to admit into evidence an unauthenticated handwritten bid allegedly taken over the telephone by a secretary no longer employed by Bishop. To be admissible as a business record, a showing must have been made that the document was "made in the regular course of . . . business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b). As this court has previously held regarding such memoranda of telephone conversations: "While records of account made in the regular course of business, or shopkeeper's books of account, and certain other records are admissible under Code Ann. § 38-711 (OCGA § 24-3-14 (b)) the statute does not go to the extent of rendering admissible self-serving memorandums of this kind. [Cit.]" *Maryfield Plantation v. Harris Gin Co.*, 116 Ga. App. 744, 747 (159 SE2d 125) (1967).

3. No exception was made to the court's refusal to charge the jury on Bishop's Request to Charge No. 10 concerning money had and received. Therefore the issue was not preserved for consideration on appeal. OCGA § 5-5-24 (a).

4. Enumerations of error numbers 6 through 9 concern the trial court's refusal to permit consideration of Bishop's counterclaim for slander of title. A materialman's lien was filed by North Georgia for labor and materials furnished on a piece of real property located on Davis Circle owned by E. Neil Bishop and James C. Williams, d/b/a

Cherokee-Cobb Investors. The lien was filed on June 30, 1989. Evidence was presented indicating that the amounts due were paid on August 7, 1989 and the lien released on October 25, 1989. The property was not at any time owned by Bishop Contracting Co., Inc. Neil Bishop testified that any rights to damages incurred as a result of the presence of the lien had been assigned to Bishop by a written instrument. Since the instrument was not available to the court and no explanation for its absence was offered, any testimony concerning such an assignment was properly excluded. OCGA § 24-5-4 (a).

Bishop, not being the owner of the property, lacked standing to assert a claim for damages. OCGA § 51-9-11. Therefore, the trial court correctly directed a verdict on the issue of slander of title. The enumerations of error concerning the court's refusal to charge the jury on slander of title or on the issue of damages for that cause of action need not be addressed.

5. The final enumeration of error, that failure to charge the jury that it could infer that the testimony of an absent witness would have been prejudicial to the party "who might most easily have produced him," is not supported by any testimony in the record and is not a complete and accurate statement of the law. The trial court did not err in refusing to give this charge.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Dorothy H. Bishop*, for appellant.

*Rogers, Magruder, Sumner & Brinson, Joe M. Seigler, Jr., James P. Orr*, for appellee.