## A98A0145. SMITH et al. v. SIMPSON et al.

(497 SE2d 663)

Judge Harold R. Banke.

Ulysses Smith, Spencer Driskell, and Tonecia Catchings, who filed the underlying negligence action against Alvin Simpson and Nataki Suda, contest the dismissal of their appeal pursuant to OCGA § 5-6-48 (c). After the jury rendered a defense verdict, the appellants filed a timely notice of appeal on July 8, 1996. When no transcript was filed by December 12, 1996, Simpson and Suda successfully moved to dismiss. Appellants then filed a second notice of appeal assigning the dismissal as error. *Held*:

The trial court did not abuse its discretion in dismissing this appeal. *Boveland v. Young Women's Christian Assn.*, 227 Ga. App. 241 (1) (489 SE2d 35) (1997). Transcripts must be filed within 30 days after the filing of a notice of appeal, unless an extension of time is properly requested. OCGA § 5-6-42. After a notice and a hearing, appeals may be dismissed for failure to timely file a transcript if the delay was (1) unreasonable; (2) inexcusable; and (3) caused by the party bearing responsibility for obtaining the transcript. OCGA § 5-6-48; *Dalton v. Vo*, 224 Ga. App. 382 (480 SE2d 377) (1997). Once the movant makes a prima facie showing that OCGA § 5-6-42 was violated, the nonmovant must come forward with proof showing that the delay was neither unreasonable nor inexcusable. *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994); see *Gay v. City of Rome*, 157 Ga. App. 368, 369 (1) (277 SE2d 741) (1981); see also *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 636 (487 SE2d 32) (1997). Appellants failed to meet this burden.

After a hearing, the trial court found that on or about August 29, 1996, the appellants paid for the cost of preparing the appellate record. They neither ordered nor paid for the trial transcript until October 28, 1996. They sought no extension of time. Appellants admitted that their inability to simultaneously pay for the preparation of the appellate record and the transcript caused the delay. They also argued that they relied on an October 30 letter from the Clerk's office informing them that the record would not be completed for six to eight weeks.

In dismissing the appeal, the trial court found this reliance unreasonable in light of their delay in failing to pay the supplemental costs of ordering the trial transcript until the end of October. The trial court further found that appellants caused the unreasonable and inexcusable delay of 112 days between the filing of the notice of appeal and the completion of the transcript.

It is undisputed that appellants caused the delay. Their counsel was charged with knowledge that they bore the responsibility for timely arranging for a transcript. See *Leonard v. Ognio*, 201 Ga. App.

260, 262 (410 SE2d 814) (1991); see also *State v. Hart*, 246 Ga. 212, 213 (1) (271 SE2d 133) (1980); OCGA § 5-6-42. Appellants offered no evidence justifying their failure to order the transcript. See *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 500 (2) (458 SE2d 377) (1995). This Court has found unreasonable delays of much shorter duration. See, e.g., *Neese v. Long*, 178 Ga. App. 105, 106 (341 SE2d 861) (1986) (51-day delay); *Taylor v. Thompson*, 152 Ga. App. 547, 548 (263 SE2d 487) (1979) (30-day delay). These circumstances confirm that the trial court did not abuse its discretion.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 1998.

*Michael B. King*, for appellants.

*Smith, Howard & Ajax, James T. Brieske, Fain, Major & Wiley, John K. Miles, Jr., Kim M. Jackson*, for appellees.