## A05A0678. SCHRECK v. STANDRIDGE.
### (614 SE2d 185)

ELLINGTON, Judge.

Eric Schreck filed this action to foreclose on a lien against Kimberly Standridge in the State Court of Jackson County. After a hearing, the trial court granted Standridge's motion for summary judgment, and Schreck filed a timely notice of appeal. Three months later, Standridge filed a motion to dismiss Schreck's appeal pursuant to OCGA § 5-6-48 (c) based on Schreck's failure to file the transcript of evidence and proceedings. After a hearing, the trial court granted Standridge's motion to dismiss. Schreck appeals that ruling, contending he renewed his appeal pursuant to OCGA § 9-2-61. Finding no abuse of discretion,[1] we affirm.

The record shows the following relevant facts. The trial court conducted a hearing on January 2, 2004, and granted Standridge's motion for summary judgment in an order entered January 12, 2004. On February 9, 2004, Schreck filed a notice of appeal from the January 12, 2004 summary judgment order. Schreck's notice of appeal indicated, "Transcripts of evidence and proceedings will be filed for inclusion in the record on appeal."[2] On May 13, 2004, Standridge moved to dismiss Schreck's appeal due to his failure to file the transcript of evidence and proceedings within the time allowed.[3] On June 30, 2004, before the trial court ruled on Standridge's motion to dismiss the appeal, Schreck filed a dismissal without prejudice "of the within action."[4] On July 19, 2004, Schreck again filed a notice of

---

[1] The trial court exercises a legal discretion in ruling on a motion to dismiss an appeal pursuant to OCGA § 5-6-48 (c), which we review for abuse. *Cody v. Coldwell Banker Real Estate Corp.*, 253 Ga. App. 752, 753 (560 SE2d 275) (2002).

[2] See OCGA §§ 5-6-41 (c) ("where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense"); 5-6-42 ("Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed . . . within 30 days after filing of the notice of appeal . . . unless the time is extended" by the trial court.).

[3] See OCGA § 5-6-48 (c) ("No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.").

[4] At the hearing on Standridge's motion to dismiss the appeal, Schreck argued that he

appeal from the January 12, 2004 summary judgment order, purportedly pursuant to the renewal statute, OCGA § 9-2-61. On July 21, 2004, Standridge renewed her motion to dismiss the appeal. On July 29, 2004, Schreck filed the transcript from the hearing on Standridge's motion for summary judgment. Following a hearing, the trial court granted Standridge's motion to dismiss Schreck's appeal based on its finding that "the delay in filing the transcript from the January 2, 2004 hearing was unreasonable, inexcusable and was caused by [Schreck]."

On appeal from the dismissal order, Schreck contends he was entitled to renew his appeal of the summary judgment order pursuant to OCGA § 9-2-61 because he filed his first notice of appeal within thirty days of the summary judgment order and he filed his second notice of appeal within six months of the dismissal of the original appeal. Schreck's argument fails for several reasons.

OCGA § 9-2-61 (a) provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

Thus, by its plain terms, the renewal statute applies only after the dismissal of a "case," that is, an entire civil action. The Code section makes no provision for situations in which the plaintiff, having filed a notice of appeal from an adverse judgment, instead terminates or withdraws his appeal,[5] which is but one procedural stage of a case.[6] Further, a plaintiff lacks authority to voluntarily dismiss his case

---

merely intended to dismiss his appeal, not the entire action.

[5] See Court of Appeals Rule 41 (f) (1) ("Whenever [an] appellant decides not to pursue an appeal, such party shall promptly file a motion for permission to withdraw the appeal.").

[6] See OCGA §§ 5-5-49 (cases returned for new trial after appellate decision); 5-6-10 (transmittal of remittitur after appellate decision); 5-6-12 (cessation of supersedeas after appellate decision affirming trial court judgment). We reject Schreck's argument that, because a petition for writ of certiorari to a superior court may be renewed pursuant to OCGA § 9-2-61, an appeal filed pursuant to the Appellate Practice Act, OCGA § 5-6-30 et seq., may be dismissed and later renewed pursuant to OCGA § 9-2-61. See *Genins v. City of Atlanta*, 203 Ga. App. 269 (416 SE2d 838) (1992) (where trial court dismissed on procedural grounds certiorari action filed in superior court before judgment on the merits, renewal statute allowed plaintiff to refile petition); *Gragg Lumber Co. v. Collins*, 37 Ga. App. 76, 77 (5) (139 SE 84) (1927) (accord). Unlike a notice of appeal, which does not initiate a new case but merely initiates a new procedural stage in an existing case, a petition for writ of certiorari to the superior court does constitute a new legal action, requiring an answer. See OCGA § 5-4-1 et seq.

after entry of a judgment on the merits.[7] Even if a plaintiff could dismiss his case after a judgment on the merits, we have held that the renewal statute does not apply where the trial court has entered, or announced, such a judgment. *Swartzel v. Garner*, 193 Ga. App. 267, 268 (387 SE2d 359) (1989); *Harp v. Smith*, 155 Ga. App. 393, 394 (1) (271 SE2d 38) (1980) (interpreting predecessor Code section, Code Ann. § 3-808). For all these reasons, Schreck was not entitled to recommence his appeal pursuant to OCGA § 9-2-61.

Because Schreck's notice of withdrawal after sustaining an adverse judgment on the merits did not toll the time in which he was required to file the transcript, the record shows that Schreck filed the 33-page transcript 171 days after he filed his notice of appeal and 77 days after Standridge's first motion to dismiss his appeal pursuant to OCGA § 5-6-48 (c). The trial court was authorized to find that the delay in the filing of the transcript of evidence and proceedings was unreasonable, inexcusable, and caused by Schreck. *In the Interest of C. F.*, 255 Ga. App. 93, 94 (1) (564 SE2d 524) (2002); *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 677 (3) (530 SE2d 800) (2000); *Smith v. Simpson*, 231 Ga. App. 109, 110 (497 SE2d 663) (1998). Notably, Schreck does not assert any error with regard to the trial court's finding. Accordingly, we affirm the trial court's ruling dismissing Schreck's appeal on this basis. *Cody v. Coldwell Banker Real Estate Corp.*, 253 Ga. App. at 753.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 20, 2005.

*McManus & Graham, John C. McManus, Michael L. Solis*, for appellant.

*Blasingame, Burch, Garrard, Bryant & Ashley, Josh B. Wages*, for appellee.

---

[7] "The right to dismiss given to the plaintiff by [OCGA § 9-11-41 (a)] cannot be exercised after entry in the trial court of a verdict or judgment for the defendant because the right given to the plaintiff by that section cannot be used to deprive the defendant of victory thus gained." (Citation omitted.) *Kilby v. Keener*, 249 Ga. 667, 668 (293 SE2d 318) (1982). See OCGA § 9-11-41 (a) (1) (A) ("an action may be dismissed by the plaintiff, without order or permission of court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn").